O
JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY GRANT, | ) | Case No. CV 11-8140 CAS (FEMx) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| UNIFUND CCR PARTNERS; ET AL., | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

On September 30, 2011, plaintiff Kimberly Grant ("plaintiff") filed the instant putative class action against Unifund CCR Partners ("Unifund CCR") and Unifund Corp. (collectively, "defendants"). Plaintiff asserts four claims for relief: (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"); (2) abuse of process; (3) conversion; and (4) violation of Cal. Bus. & Prof. Code §§ 17200 et seq.

On January 2, 2012, defendants filed a motion for summary judgment. On January 13, 2012, plaintiff filed her opposition, and on January 23, 2012, defendants filed their reply. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   BACKGROUND

On September 20, 2008, plaintiff was sued by Unifund CCR in Los Angeles County Superior Court for collection of unpaid credit card debt (the "state court action"). Def. Request for Judicial Notice ("RJN") Exh. A. Because plaintiff never responded to the complaint, the Superior Court granted Unifund CCR's request for entry of default judgment, finding plaintiff liable to Unifund CCR in the amount of $2,513.13. Id. Exh. E. Unifund CCR executed a Writ of Execution issued on February 23, 2009, to secure the funds owed from plaintiff's bank account. Id. Exh. F. On October 5, 2011, more than three years after default had been entered, plaintiff filed a motion to vacate the judgment, claiming she had never been served with the complaint. Id. Exh. G. The Los Angeles County Superior Court denied the motion on November 9, 2011. Id. Exh. H.

Prior to filing the motion to vacate in the state court action, plaintiff filed the instant putative class action in this Court on September 30, 2011. Dkt. No. 1. The gravamen of plaintiff's complaint is that Unifund CCR "files hundreds of lawsuits across the country each month . . . without effectuating proper service of the summons and complaint," constituting violations of the FDCPA, abuse of process, conversion, and violation of California's UCL. Compl. ¶¶ 17, 20.

As to the FDCPA, plaintiff avers that defendants "used unfair or unconscionable means . . . to collect or attempt to collect alleged debts" because they "failed to communicate notice about the alleged debt before filing lawsuits, filed lawsuits . . . without effectuating proper service in order to obtain default judgment, and used false and fraudulent 'robo-signed' declarations and/or affidavits to support the collection of alleged debts. . . ." Id. ¶ 60. Plaintiff alleges that defendants' use of the declarations of Kim Kenney and Bobby Carnes in connection with default judgments "constitutes a false communication to the Court because it represents that the declarants . . . personally signed the declaration and have personal knowledge about the facts contained therein." Id. ¶ 62. According to plaintiff, defendants' conduct violates sections 1692e(8),

1692e(10), and 1692f of the FDCPA. Id. ¶¶ 62, 63, 66. Defendants' alleged FDCPA violations form the basis for plaintiff's UCL claim. Id. ¶¶ 96, 98.

As to abuse of process and conversion, plaintiff alleges that she was never served with the summons and complaint in connection with the state court action and that defendants wrongfully converted her monetary funds when they executed the Writ of Execution to garnish her bank account. Id. ¶¶ 80, 88.

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the

1  party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475
2  U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.,
3  121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper
4  when a rational trier of fact would not be able to find for the nonmoving party on the
5  claims at issue.  See Matsushita, 475 U.S. at 587.

6  **IV.   DISCUSSION**

7  Defendants argue that this action must be dismissed because the Court lacks
8  jurisdiction under the Rooker-Feldman doctrine in light of the Los Angeles County
9  Superior Court's prior rulings.  Mot. at 5–10 (citing Rooker v. Fidelity Trust Co., 263
10 U.S. 413 (1923); Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462 (1983)).
11 Alternatively, defendants argue the claims are barred by collateral estoppel and
12 California's litigation privilege.  Id. at 10–14.  Defendants also argue that plaintiff's
13 FDCPA claim fails as a matter of law.  Id. at 14.  Finally, defendants contend that "to the
14 extent [plaintiff] alleges any claims against Unifund [Corp.] they fail for the same
15 reasons stated above."  Id. at 15 (alterations omitted).
16 In opposition, plaintiff argues that a recent Supreme Court case "disapproved of
17 application of the Rooker-Feldman doctrine outside the specific facts of those cases and
18 overruled all of defendants' cited caselaw," rendering the doctrine inapplicable here.
19 Opp'n at 3, 5–8 (alterations omitted) (citing Skinner v. Switzer, 131 S. Ct. 1289 (2011)).
20 Further, plaintiff asserts that neither collateral estoppel nor the litigation privilege bars
21 her claims under California law.  Id. at 8–11.  Finally, plaintiff contends that the Court
22 "should deny defendants' motion with respect to plaintiff's [FDCPA] claim and claim
23 against Unifund Corp. or, alternatively, afford plaintiff time for discovery on those
24 claims."  Id. at 13–14 (alterations omitted).
25 The Court will first address the Rooker-Feldman doctrine before proceeding to the
26 merits of plaintiff's claims.
27 / / /
28 / / /

4

### A. Application of the Rooker-Feldman Doctrine to This Case

The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence being called upon to review the state court decision.'" Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting Feldman, 460 U.S. at 482 n.16). The doctrine applies "not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." Kelly v. Med-1 Solutions, LLC, 548 F.3d 600, 603 (7th Cir. 2008). Claims are "inextricably intertwined" with a state court decision if "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules . . . ." Reusser v. Wachovia Bank, N.A., 515 F.3d 855, 859 (9th Cir. 2008). See also Napolitano, 252 F.3d at 1030 ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined.").

Although plaintiff argues that this Court must decide the merits of her claims because the Los Angeles County Superior Court set forth no reasoning in denying her motion to vacate the entry of default judgment, the Rooker-Feldman doctrine prevents litigants from collaterally attacking a state court judgment "no matter how erroneous or unconstitutional the state court judgment may be." Med-1 Solutions, 548 F.3d at 603. Here, in entering default against plaintiff in 2008, the Los Angeles County Superior Court expressly found that plaintiff was served with a copy of the summons and complaint in that action. See Def. RJN Exh. E at 1.a ("Defendant was properly served with a copy of the summons and complaint."); and Exh. I (state court docket entry dated

10/20/2008 entitled "proof of service of summons & complaint"). Three years later, it denied plaintiff's motion to vacate the judgment, and plaintiff did not appeal.[1] Def. RJN Exh. H. Plaintiff cannot now seek to overturn those rulings through a federal court action. See, e.g., Bryant v. Gordon & Wong Grp., P.C., 681 F. Supp. 2d 1205, 1208 (E.D. Cal. 2010) (finding that by "disputing the garnishment of his accounts, [p]laintiff is inherently challenging the entry of default against him and the writ of execution that authorized the garnishment"); Williams v. Cavalry Portfolio Servs, LLC, 2010 WL 2889656, *3 (C.D. Cal. July 20, 2010) ("By way of default judgment, the state court found that [p]laintiff was properly served and that he is liable for the debt. . . . For this Court to exercise jurisdiction over these claims would be to review and undermine the state-court judgment."); Fleming v. Gordon & Wong Law Grp, P.C., 723 F. Supp. 23 1219, 1223 (N.D. Cal. 2010) ("There is no question that the Rooker-Feldman doctrine bars a district court from reviewing an FDCPA claim that challenges the validity of a debt authorized by a state court judgment.").[2]

---

[1] Unifund CCR's counsel, Matthew Quall, filed a declaration in support of defendants' motion in which he states that "the [state] court observed that after [plaintiff] had been served with summons and complaint, she had made payments to Unifund CCR. . . . [Therefore, the] court did not rule that the motion to vacate was being denied solely because it was untimely." Declaration of Matthew Quall ("Quall Decl.") ¶ 6. Plaintiff objects to this testimony on the grounds that it is hearsay and not the best evidence of what the court stated pursuant to Fed. R. Evid. 1002. See Dkt. No. 18. The Court sustains plaintiff's objection. However, excluding Quall's statements does not alter the Court's conclusion in light of the Los Angeles County Superior Court's express finding that plaintiff had been served with a copy of the summons and complaint as discussed supra.

[2] The Court is unpersuaded by plaintiff's assertion that Skinner and Exxon compel a different result. In Skinner, a death row prisoner filed a claim under § 1983 alleging that his due process rights had been violated because the state had refused his request for post-conviction DNA testing. Skinner, 131 S.Ct. at 1295. Skinner was not a challenge to a decision rendered by the Texas Court of Appeals construing Texas' post-conviction DNA statute; rather, the plaintiff was challenging the constitutionality of the statute itself. Id. (continued...)

The only question remaining is whether this jurisdictional bar extends to each of plaintiff's claims. The complaint contains four repeated allegations of Unifund CCR's wrongful conduct: (1) that plaintiff was never served with the summons and complaint in the state court action (Compl. ¶¶ 30, 43(d), 61–64, 66, 73–74, 76, 79–80, 98); (2) that plaintiff does not owe the debt at issue in the state court action (id. ¶¶ 71, 86); (3) that Unifund CCR improperly garnished her money (id. ¶¶ 72, 79, 85, 87–89); and (4) that the Kenney Affidavit submitted in support of the request for default judgment was "false and fraudulent" (id. ¶¶ 22–23, 60–66, 75, 79–80, 97–98). Were the Court to rule that Unifund CCR committed any of those alleged wrongs, it "would undercut the state ruling" that plaintiff was in fact served with a copy of the summons and complaint, owed the debt to Unifund CCR, and authorized Unifund CCR to execute a Writ of Execution. Reusser, 515 F.3d at 859; Bryant, 681 F. Supp. 2d at 1208.[3]

---

[2](...continued)
at 1296. The claim was permitted to proceed because although "a state-court decision is not reviewable by lower federal courts [under the Rooker-Feldman doctrine], . . . a statute or rule governing the decision may be challenged in a federal action. Skinner's federal case falls within the latter category." Id. at 1298. Here, plaintiff is not challenging the constitutionality of the substituted service statute; rather, she seeks reversal of the state court's judgment. This type of claim falls squarely within the Rooker-Feldman doctrine.

Exxon is also inapposite. In Exxon, the Supreme Court held that "[w]hen there is *parallel state and federal litigation*, Rooker-Feldman is not triggered simply by the entry of judgment in state court." Exxon, 544 U.S. at 292 (emphasis added). It did not abolish the doctrine in all instances that a state court enters default judgment. Here, there was no parallel state and federal litigation. To the contrary, plaintiff filed the complaint in this Court after judgment was entered against her years ago in the state court action.

[3]Further, the Kenney Affidavit filed in connection with the state court action states that plaintiff's account ended in 7902, was issued by First USA Bank, N.A., that it was acquired from Chase Bank USA, N.A., and that the amount due and payable by plaintiff was $2,012.12. Def. RJN Exh. D. This is the same amount that Unifund CCR sued plaintiff to collect and the same amount awarded (plus costs, interest, and attorneys' fees)
(continued...)

Accordingly, pursuant to the Rooker-Feldman doctrine, the Court cannot entertain any claims premised on those alleged wrongs.

The only allegation outside the scope of the state court action is that defendants "did not give [p]laintiff proper written notice in order to validate the alleged debt" before suing her, in violation of section 1692g(a) of the FDCPA. Compl. ¶¶ 29, 43(b), 60, 72, 81; 15 U.S.C. § 1692g(a). Defendants argue that "[a]lthough the claim is vague . . . if [plaintiff] is attempting to pursue a section 1692g claim, it would fail as well." Mot. at 14. The Court now turns to the merits of that claim.

**B.  Plaintiff's Claim Under Section 1692g(a) of the FDCPA**

Section 1692g(a) of the FDCPA requires debt collectors to notify consumers, in writing, of the following:

(1) the amount of any debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

///

///

---

(...continued)
by the Los Angeles County Superior Court in entering default judgment. Def. RJN Exhs. A, E. Accordingly, determining that the affidavit was "false or fraudulent" would also undermine the state court's ruling that plaintiff was liable to Unifund CCR for the debt owed.

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Under Ninth Circuit law, a § 1692g(a) notice must be "sent" to the consumer by the collector, but the collector "need not establish actual receipt by the debtor." Mahon v. Credit Bureau of Placer Cnty., Inc., 171 F.3d 1197, 1201 (9th Cir. 1999) (granting summary judgment for debt collector even though debtors testified that they had no memory of receiving the notice). To overcome the presumption of mailing and receipt, a debtor must prove "by clear and convincing evidence that the mailing was not, in fact, accomplished." In re Bucknum, 951 F.2d 204, 207 (9th Cir. 1991).

Defendants argue that "Unifund CCR did send the notice required by section 1692g in its initial demand letter to [plaintiff], dated May 29, 2008, four months prior to filing" the state court action. Mot. at 14 (emphasis in original) (citing Declaration of Autumn Hopkins ("Hopkins Decl.") ¶ 3, Exh. B). According to defendants, the letter was mailed to plaintiff's address and "was **not** returned to Unifund CCR as undeliverable." Id. Defendants contend the letter was therefore "presumed received in mid-June 2008" and that even if plaintiff testifies that she does not recall receiving the letter, "this would not be sufficient to create an issue of fact." Id. at 15 (relying on Mahon, 171 F.3d at 1202).

In opposition, plaintiff argues that the Hopkins Declaration is "insufficient to establish proper and legally sufficient mailing" because defendants have not explained "how the correspondence was sent or [] describe the business practices for handling of the correspondence." Opp'n at 13 (relying on Beuter v. Canyon State Prof'l Servs., Inc., 2005 U.S. Dist. LEXIS 12281, *13 (D. Ariz. June 13, 2005)). Plaintiff requests that the Court grant her additional time to conduct discovery if it is inclined to grant summary judgment as to this claim. Id. at 14–15.

///

The Court finds that Unifund CCR complied with § 1692g. The Ninth Circuit requires only that a debt collector provide testimony that a letter was sent and not returned as undeliverable. Mahon, 171 F.3d at 1201. Here, defendants have offered testimony and evidence that Unifund CCR sent a letter to plaintiff dated May 29, 2008, explaining that she owed credit card debt. See Hopkins Decl. Exhs. A (Account Notes from plaintiff's credit card account reflecting initial demand letter sent to plaintiff on May 29, 2008, addressed to her at 15712 Wilder Ave., Norwalk, CA, 90650); and B (copy of the collection letter dated May 29, 2008); see also Grant Decl. ¶ 4 (admitting that she lived and received mail at the residence located at 15712 Wildner Ave., Norwalk, CA, 90650). The letter was not returned as undeliverable. Hopkins Decl. ¶¶ 3–5. Applying the rationale from Mahon, the letter was therefore presumed received in mid-June 2008 under traditional mailbox rules. Mahon 171 F.3d at 1202. Plaintiff's only evidence that defendants failed to comply with § 1692g—that she never received the letter—is insufficient to create a triable issue of material fact. Id.; Bucknum, 951 F.2d at 207.[4]

///

///

///

---

[4] Moreover, although not challenged by plaintiff, the letter complied with the substantive requirements of § 1692g(a). The letter states:

> If, within thirty days after receiving this letter, you do not dispute the validity of the debt or any part of it, this office will assume that the debt is valid. If you notify this office within thirty days of receiving this letter, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request within thirty days, this office will provide you the name and address of the original creditor, if different from the current creditor.

Hopkins Decl. ¶ 3, Exh. B.

This disclosure is precisely what § 1692g(a) requires. Cf. 15 U.S.C. § 1692g(a).

Accordingly, plaintiff's claim for violation of the FDCPA § 1692g(a) fails as a matter of law.[5]  Because plaintiff's UCL claim is premised on violations of the FDCPA, it also fails as a matter of law.[6]

### C. Plaintiff's Request for a Continuance to Conduct Further Discovery

In her opposition, plaintiff requests that if the Court grants summary judgment as to the FDCPA § 1692g(a) claim, it should also grant her additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(d). Opp'n at 14–15. Plaintiff notes that the case was filed relatively recently, on September 30, 2011, and that the parties conducted their Rule 26 conference less than two months ago on December 21, 2011. Id. at 15. Plaintiff thus contends that she "has not had the opportunity to conduct any discovery regarding" her § 1692g(a) claim. Id.

Defendants counter that plaintiff "has not met her burden under Rule 56(d) of proving 'by affidavit or declaration that, for specified reasons, [she] cannot present facts essential to justify [her] opposition.'" Reply at 10 (emphasis omitted) (citing Fed. R. Civ. P. 56(d)).

The Court finds that a continuance is not warranted. To obtain relief under Rule 56(d), the plaintiff must show "(1) that [she] ha[s] set forth in affidavit form the specific

---

[5]The Court is unpersuaded by Beuter v. Canyon State Prof'l Servs., Inc., the unpublished District of Arizona case on which plaintiff relies. In Beuter, the court rejected the debt collector's "conclusory testimony" that it had sent the letter without "explaining how the . . . letter was sent or describing [d]efendant's business practices with respect to the sending of notices required by § 1692g(a)." Beuter, 2005 U.S. Dist. LEXIS 12281 at *13. It distinguished Mahon on the grounds that the defendant neither produced a copy of the letter nor explained its normal practices with regards to delivering the required notices. Id. at *12–14. Here, by contrast, Exhibit A to the Hopkins Declaration reflects the typical method by which Unifund CCR tracks and distributes collection letters. Hopkins Decl. ¶ 2, Exh. A. Further, the letter itself has been produced. Id. ¶ 3, Exh. B.

[6]Plaintiff does not allege any direct wrongdoing on the part of Unifund Corp. Rather, plaintiff bases its liability on an agency theory. See Compl. ¶ 11. Because all claims as to Unifund CCR must be dismissed, see infra, any claim against Unifund Corp. based on an agency relationship must also be dismissed.

11

facts that [she] hope[s] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of Cal. v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). Here, plaintiff's counsel declares that she has "not yet had the opportunity to conduct discovery" regarding plaintiff's FDCPA claim. Declaration of Miriam Schimmel ¶ 3. However, "[r]eferences in memoranda and declarations to a need for discovery do not qualify as [Rule 56(d)] motions." Campbell, 138 F.3d at 779 (quoting Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986)). Rather, Rule 56(d) "requires litigants to submit affidavits setting forth the particular facts expected from further discovery," and failure to comply with those requirements "is a proper ground for denying discovery and proceeding to summary judgment." Id. Plaintiff has not set forth any specific facts she hopes to discover; that those facts exist; or that those facts are "essential" to withstand summary judgment. See id. Accordingly, plaintiff's failure to comply with Rule 56(d)'s requirements provide "a proper ground for denying discovery and proceeding to summary judgment." Id.

Plaintiff's request for a continuance is therefore DENIED.

## V.    CONCLUSION

In accordance with the foregoing, defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated: February 6, 2012

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE